IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WILLIE GASTER DAVIS, JR.
ADC #109028                                                                                              PLAINTIFF

V.                                            5:09CV00338 WRW

DESHA COUNTY CIRCUIT COURT; and
ARKANSAS SUPREME COURT                                                                  DEFENDANTS

**ORDER OF DISMISSAL**

Plaintiff, Willie Gester Davis, Jr., who is a prisoner in the Maximum Security Unit of the Arkansas Department of Correction, has commenced this *pro se* § 1983 action alleging that Defendants are violating his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court will dismiss this case, with prejudice, for failing to state a claim upon which relief may be granted.[1]

In September of 1996, Plaintiff was convicted of first-degree murder in the Desha County Circuit Court. *See* docket entry #2, attachments. In June of 2008, Plaintiff filed a "Motion for

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).
  The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

Scientific Testing" of the evidence that was used to convict him. *Id.* The Desha County Circuit Court denied the Motion because: (1) there was overwhelming evidence of Plaintiff's guilt; and (2) the Motion was untimely filed. *Id.* Plaintiff has appealed that ruling to the Arkansas Supreme Court. *Id.*

In this § 1983 action, Plaintiff alleges that the Desha County Circuit Court is violating his First Amendment right to access the courts by refusing to certify portions of the record and file-mark a copy of his Notice of Appeal. *Id.* Similarly, Plaintiff contends that the Arkansas Supreme Court is violating this right to access the courts by refusing to accept his appeal without the certified and/or file-marked documents. *Id.* After careful consideration, the Court concludes that Plaintiff has failed to state a viable § 1983 claim.

First, in order to state an access to the courts claim, a prisoner must alleged that he has suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349-55 (1996) (explaining that, based upon the principles of standing, a prisoner must have suffered an actual injury in order to proceed with an access to the courts claim); *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (same). Plaintiff concedes that he still has a motion pending before the Arkansas Supreme Court regarding his attempts to perfect his appeal. *See* docket entry #2; *see also* Arkansas Supreme Court website, www.courts.state.ar.us (Case No. CR09-336) (demonstrating that Plaintiff's Motion for Reconsideration is still pending before the Arkansas Supreme Court). Thus, Plaintiff's access to the courts claim is premature.

Second, Plaintiff has named the Desha County Circuit Court and the Arkansas Supreme Court as the only Defendants in this action. However, *courts* are not "persons" amenable to suit in a § 1983 action. *Clark v. Clark*, 984 F.2d. 272, 273 (8th Cir. 1993). Thus, if Plaintiff chooses to

refile this action on some later date, he should name the *Clerks* of the respective Courts as the Defendants.

IT IS THEREFORE ORDERED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this case is DISMISSED, WITH PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal of this action CONSTITUTES a "strike," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 19th day of November, 2009 (146th Anniversary of President Abraham Lincoln's Gettysburg Address).

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE