# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

WILLIE GASTER DAVIS, JR.
ADC #109028                                                                                      PLAINTIFF

V.                                             5:09CV00338 WRW

DESHA COUNTY CIRCUIT COURT; and
ARKANSAS SUPREME COURT                                                                           DEFENDANTS

## ORDER

On October 30, 2009, Plaintiff Willie Gester Davis, Jr., who is currently incarcerated at the Maximum Security Unit of the Arkansas Department of Correction, commenced this *pro se* § 1983 action alleging that Defendants violated his First Amendment right to access the courts by refusing to certify portions of the record and file-mark a copy of his Notice of Appeal so that he could appeal the denial of a post-conviction motion he filed in state court. *See* docket entry #2.

On November 19, 2009, the Court entered an Order concluding that: (1) Plaintiff's access to the courts claim was premature because he had a motion pending before the Arkansas Supreme Court regarding his attempts to perfect his appeal; and (2) the Desha County Circuit Court and the Arkansas Supreme Court were not "persons" amenable to suit in a § 1983 action. *See* docket entry #5. Accordingly, the Court dismissed the case, without prejudice. *Id.; see also* docket entry #6.

On December 1, 2009, Plaintiff filed a Motion for Reconsideration, demonstrating that his claim is no longer premature because the Arkansas Supreme Court has issued a Per Curiam Opinion denying his final pending motion. *See* docket entry #8. The Court concludes, *for screening purposes only*, that Plaintiff has stated a viable access to the courts claim.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court

Additionally, Plaintiff seeks the Court's permission to change the Defendants in this action from the Arkansas Supreme Court and the Desha County Circuit Court to the *clerks* of the respective courts. The Court finds good cause for granting Plaintiff's request.[2] *See Maness v. District of Logan County*, 495 F.3d 943, 944 (8th Cir. 2007) (holding that a clerk's refusal to file a plaintiff pleadings was not a discretionary function entitling him to quasi-judicial immunity); *McCullough v. Horton*, 69 F.3d 918, 919 (8th Cir. 1995) (holding that a circuit clerk's failure to provide a transcript to a prisoner was not a discretionary act entitling him to quasi-judicial immunity); *Geitz v. Overall*, Case No. 02-3983, 2003 WL 1860542 (8th Cir. April 11, 2003) (unpublished decision) (holding that the circuit clerks' failure to file submissions, notify a prisoner of court orders affecting him, and respond to or redress the prisoner's inquiries and requests for relief from the court staff's alleged inaction were not discretionary functions entitling the clerks to quasi-judicial immunity).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion for Reconsideration (docket entry #8) is GRANTED.

2. The November 19, 2009 Order of Dismissal and Judgment (docket entries #5 and #6) are VACATED.

---

must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

[2] This preliminary conclusion does not prohibit the Defendants from raising quasi-judicial immunity in a properly supported motion.

3. Plaintiff's request to Amend the Complaint is GRANTED.

4. The Clerk is directed to file a copy of Plaintiff's Motion for Reconsideration (docket entry #8) as his Amended Complaint.

5. Defendant Desha County Circuit Court and Defendant Arkansas Supreme Court are VOLUNTARILY DISMISSED, WITH PREJUDICE.

6. The Clerk is directed to amend the docket sheet to add as Defendants: (a) Leslie Steen, Arkansas Supreme Court Clerk; and (b) Skippy Leek, Desha County Circuit Court Clerk.

7. The Clerk is directed to prepare a summons for Defendants Steen and Leek, and the U.S. Marshal is directed to serve the summons, Complaint, Amended Complaint, and this Order on them without prepayment of fees and costs or security therefor.

8. This case is referred to Magistrate Judge J. Thomas Ray for all pretrial matters.

Dated this 9th day of December, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE