**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

WILLIE GASTER DAVIS, JR.
ADC #109028                                                                                    PLAINTIFF

V.                                              5:09CV00338 BSM/JTR

SKIPPY LEEK, Desha County District Clerk                                    DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Discussion

Plaintiff, Willie Gaster Davis, Jr., who is a prisoner in the Arkansas Department of Correction, has filed this *pro se* § 1983 action alleging that Defendant Desha County District Court Clerk Skippy Leek infringed his First Amendment right to access the courts. *See* docket entries #2 and #11.

Defendant has filed a Motion for Summary Judgment, a Brief in Support, an Amended Brief in Support, a Statement of Undisputed Facts, and a Reply.[1] *See* docket entries #61, #62, #63, #66,

---

[1] It is well settled that summary judgment should only be granted when the record, viewed in a light most favorable to the nonmoving party, shows that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed. R .Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of informing the court of its basis for the motion and identifying the parts of the record that show lack of a genuine issue. *Celotex,* 477 U.S. at 323. To defeat a motion for summary judgment, the nonmoving party must go beyond the pleadings and establish "by affidavits, or by the depositions, answers to interrogatories, and admissions on file" that specific facts show a genuine issue for trial exists. *See* Fed R. Civ. P. 56(c); *Celotex,* 477 U.S.

and #70. Plaintiff has filed a Response, an Amended Response, a Brief in Support, an Amended

Brief in Support, a Statement of Disputed Facts, an Amended Statement of Disputed Facts, and a

Sur-reply. *See* docket entries #67, #68, #69, #72, #73, #74, and #75.

Before addressing the merits of Defendant's Motion, the Court will summarize the relevant,

undisputed facts.

1.     On September 20, 1996, a jury in Desha County found Plaintiff guilty of first-degree

murder, robbery, theft of property, and false imprisonment.[2] *See Davis . State*, 953 S.W.2d 559 (Ark

1997). As punishment, he was sentenced to life in prison. *Id.* The Arkansas Supreme Court

subsequently affirmed Plaintiff's conviction and sentence on appeal. *Id.*

2.     On June 24, 2008, Plaintiff filed, in the Desha County District Court, a Petition for

Scientific Testing, pursuant to Ark. Code. Ann. § 16-112-202.[3] *See* docket entry #2 at 7-11.

3.     On December 30, 2008, Plaintiff tendered a Petition for a Writ of Mandamus to the

Arkansas Supreme Court, asking that it order the Desha County District Court to rule on his Petition

for Scientific Testing. *See Davis v. Pope*; Case No. CR 09-336, 2009 WL 1427361 (Ark. May 21,

---

at 324.

[2] During the trial, a female witness and the co-defendant testified that they were riding in a car with Plaintiff and the victim on the night of the murder. *Id.* According to these two witnesses, Plaintiff stopped the car; ordered everyone to get out; robbed the two women; forced the murder victim back into the car; and drove off leaving the female witness and the co-defendant at the side of the road. *Id.* Later that evening, the police found the missing car outside of a residence. *Id.* Inside, the police discovered Plaintiff asleep on the couch next to the naked, murdered victim, who had been sexually assaulted and strangled. *Id.* While in police custody, Plaintiff admitted to robbing the two women, driving off alone in the car with her, and having "consensual" sex with her. *Id.* at 561.

[3] In that Petition, Plaintiff asked the Court to order testing of fingerprints and hair found in the car; hairs found on the victim; and soil samples collected from the vehicle and Plaintiff's shoes. *Id.*

2009) (unpublished opinion). The Arkansas Supreme Court refused to file the Petition for a Writ of

Mandamus because Plaintiff failed to provide a certified copy of the record.[4] *Id.*

4.        On March 30, 2009, the Honorable Sam Pope, Desha County District Judge, denied

Plaintiff's Motion for Scientific Testing.[5] *See* docket entry #2 at 29-32.

5.        On April 10, 2009, Plaintiff filed a Notice of Appeal challenging the March 30, 2009

denial of his Petition for Scientific Testing.[6]  *See* docket entry #62, Ex. D.

6.        On June 4, 2009, Defendant Leek sent Plaintiff a transmittal letter stating that he was

sending him certified copies of April 10, 2010 Notice of Appeal and the other relevant portions of

the record.  *See* docket entry #68, Ex. 6.

7.        In his sworn Affidavit, Plaintiff states that the Notice of Appeal he received from

Defendant Leek was certified, but it did *not* contain a file mark indicating when it had been filed.

*See* docket entry #68, Ex. 1.  Additionally, Plaintiff has provided the Court with a certified, but not

---

[4]  Thereafter, Plaintiff filed a Motion for Rule on the Clerk asking the Arkansas Supreme
Court to order the Supreme Court Clerk to file his Mandamus Petition, without a certified record,
because the Desha County District Court would not provide him with certified copies. *See Davis
v. Pope*, Case CR 09-336, 2009 WL 1427361 (May 21, 2009) (unpublished opinion).  On May 21,
2009, the Arkansas Supreme Court denied Plaintiff's Motion for Rule on the Clerk.  *Id.*  However,
at that point in time, Plaintiff's request for a writ mandamus was moot because, on March 30, 2009,
the Desha County District Court ruled on his Petition for Scientific Testing.

[5]  Judge Pope denied Plaintiff's Petition because: (1) it was filed outside of the thirty-six
month limitations period imposed by § Ark. Code Ann. § 16-112-202(10); (b) Plaintiff did not
allege, as required by Ark. Code. Ann. § 16-112-202(4), that the physical evidence still existed; (c)
identification was not an issue at Plaintiff's trial, as required by § 16-112-202(7), because he
admitted to being in the car with the victim and having sex with her; and (d) the requested testing
"would not provide material evidence that would significantly advance his claim of innocence,"
because a co-defendant and a witness testified that they were in the car with the victim immediately
prior to her murder. *See* docket entry #2 at 29-32.

[6]  The file mark actually states that the Notice of Appeal was filed on April 1, 2009.  *Id.*
However, the parties agree that the date is a typographical error, and that the Notice of Appeal was
actually filed on April 10, 2009.

a file marked, copy of the April 10, 2009 Notice of Appeal that he alleged received from Defendant Leek.  *Id.*, Ex. 7.

8.      Defendant Leek states, in his sworn Affidavit, that he does not recall if he sent Plaintiff a filed marked copy of the April 10, 2009 Notice of Appeal.  *See* docket entry #66, Ex. C. However, he explains that it is practice of the Clerk's Office to "automatically file-mark" every valid pleading "upon receipt of the document."  *Id.* at ¶ 7.  Additionally, he has provided a copy of the Notice of Appeal bearing the April 10, 2009 file mark, but no certification stamp.  *See* docket entry #62, Ex. D.

9.      On June 10, 2009, the Arkansas Supreme Court sent Plaintiff a letter explaining that it received the *certified* copies of relevant portions of the record concerning the denial  his Petition for Scientific Testing.  *See* docket entry #68, Ex. 8.  However, the Arkansas Supreme Court refused to file the appeal because there was no file mark on the Notice of Appeal, and thus, it was impossible to determine if it had been timely filed. *Id.*  A copy of that letter was sent to  Defendant Leek.  *Id.* Additionally, receipt of the letter was recorded on  the docket sheet in Plaintiff's proceedings before the Desha County District Court.  *Id.* Ex. 4.

10.     On June 12, 2009, Plaintiff sent Judge Pope a letter explaining that he needed a file marked copy of the April 10, 2009 Notice of Appeal in order to proceed with his Appeal.  *See* docket entry #68, Ex. 9.  Plaintiff states, in a sworn Affidavit, that he sent a copy of that letter to Defendant Leek.  *Id.*  However, there is no evidence indicating whether the letter was received by either Judge Pope or Defendant Leek.  Additionally, receipt of the letter was *not* recorded on the docket sheet in Plaintiff's proceedings before the Desha County District Court.  *Id.* at Ex. 4.  Further, it is *undisputed* that Plaintiff did *not* file a Motion asking the Court to provide him with a file-marked

copy of the April 10, 2009 Notice of Appeal.

11.     On June 23, 2009, Plaintiff filed a Motion asking Judge Pope to appoint counsel to assist him with is appeal. *See* docket entry #2 at 39-40.

12.     On June 6, 2009, Judge Pope denied the Motion. *Id.*

13.     On July 9, 2009, Plaintiff filed a Notice of Appeal challenging the June 6, 2009 denial of his Motion for Appointment of Counsel. *See* docket entry #2 at 42-44. The parties agree that Plaintiff received a file marked copy of that pleading. However, it is unclear whether Plaintiff proceeded with his appeal of that ruling.

14.     On an unknown date, Plaintiff sent the Arkansas Supreme Court a Motion for Rule on the Clerk.[7]

15.     On July 14, 2009, the Arkansas Supreme Court sent Plaintiff a letter explaining that they could not file his Motion for Rule Clerk because it did not contain a file marked copy of his April 10, 2010 Notice of Appeal. *See* docket entry #68, Ex. 11. A copy of that letter was sent to Defendant Leek. *Id.* Additionally, receipt of the letter was recorded on the docket sheet in Plaintiff's proceedings before the Desha County District Court. *Id.* Ex. 4.

16.     On August 14, 2009, Plaintiff filed a Motion asking Judge Pope to vacate the June 6, 2009 Order denying his request for the appointment of counsel. *See* docket entry #2 at 45-58.

17.     On August 17, 2009, Judge Pope summarily denied Plaintiff's Motion to Vacate. *See* docket entry #2, Appendix 2 at 12. Plaintiff did not file a Notice of Appeal challenging that ruling. *See* docket entry #68, Ex. 4.

---

[7] Plaintiff has not provided the Court with a copy of that Motion or explained the relief he requested therein.

-6-

18.    On October 30, 2009, Plaintiff filed this § 1983 action.  *See* docket entry #2.

## II.  Discussion

**A.    Failure to Certify the Record for the Petition for a Writ of Mandamus**

Plaintiff alleges that Defendant Leek denied him access to the courts when he failed to provide him with a certified copy of the record, thereby making it impossible for him to proceed with the Petition for a Writ of Mandamus that he tendered to the Arkansas Supreme Court on December 30, 2008.  *See* docket entry #2.

The First Amendment unquestionably encompasses an inmate's right to access to the courts. *Johnson v. Avery,* 393 U.S. 483, 489-90 (1969).  However, to prevail on an access to the courts claim, a prisoner must demonstrate that he was "actually injured" in regard to a "nonfrivolous and arguably meritorious underlying legal claim."  *White v. Kautzky,* 494 F.3d 677, 680 (8th Cir. 2007) (citing *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)).  In this respect, "actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *see also Klinger v. Dept. of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997).

It is *undisputed* that, on March 30, 2009, Judge Pope ruled on the merits of Plaintiff's Petition for Scientific Testing – without any intervention from the Arkansas Supreme Court.  Thus, Plaintiff no longer needed a Petition for a Writ of Mandamus from the Arkansas Supreme.  Further, although he has been given the opportunity to do so, Plaintiff has not come forward with *any* evidence suggesting that he was actually prejudice by Judge Pope's delay in ruling on the merits of his Petition for Scientific Testing. Thus, Plaintiff did not suffer any actual injury when Defendant Leek failed to provide him with a certified copy of the record so that he could file a Petition for a

Writ of Mandamus with the Arkansas Supreme Court. Accordingly, Defendant Leek is entitled to summary judgment on this claim.

**B.    Failure to Provide a File Marked Copy of the April 10, 2009 Notice of Appeal**

Plaintiff also alleges that Defendant Leek infringed his First Amendment right to access the courts when he failed to provide him with a file marked copy of the April 10, 2009 Notice of Appeal, thereby making it impossible for him to appeal the denial of his Petition for Scientific Testing.[8] *See* docket entry #2. This argument overlooks the fact that Plaintiff had a means available to him to properly perfect his appeal.

Arkansas law provides that the record on appeal must be properly filed with the Arkansas Supreme Court "within 90 days from the filing of the first notice of appeal." *See* Ark. R. App. Pro. – Civ. 5(a). The parties agree that Plaintiff timely filed his Notice of Appeal on April 10, 2009. Thus, he had until July 9, 2009 to properly file his record with the Arkansas Supreme Court.

When Plaintiff received the June 10, 2009 letter from the Arkansas Supreme Court refusing to file his appeal, he should have *promptly filed a Motion,* in the Desha County District Court, requesting a file marked copy of the April 10, 2009 Notice of Appeal. Plaintiff did not do so. Instead, he sent Judge Pope and, possibly Defendant Leek, a *letter* asking for a file marked copy. However, there is no evidence that Defendant Leek ever received Plaintiff's letter. Similarly, the Desha County docket sheet does *not* indicate that any such letter was ever received. More importantly, sending a letter was not the proper procedure. Instead, Plaintiff should have *filed, in the record*, a *Motion* asking for a file marked copy.

_____

[8] It is unclear whether Defendant Leek provided Plaintiff with a file marked copy of the April 10, 2009 Notice of Appeal. For purposes of resolving the current Motion, the Court will assume tha the did *not* do so.

-8-

If Plaintiff had obtained a file marked copy of the April 10, 2009 Notice of Appeal *before* July 9, 2009, he could have filed the record and proceeded with his appeal before the Arkansas Supreme Court.

If Plaintiff had obtained a file marked copy of the April 10, 2009 Notice of Appeal *after* July 9, 2009, he could have proceeded with his appeal by: (1) tendering the record to the Arkansas Supreme Court; and (2) filing a Motion for Rule on the Clerk that *included* a file marked copy of his April 10, 2009 Notice of Appeal and explained that the record was being untimely tendered, through no fault of his own, due to Defendant Leek's failure to timely provide him with a file-marked copy of the Notice of Appeal.[9] *See* Ark. R. Sup. Ct. 2-2.

Because Plaintiff had these remedies available to him, he was not actually prejudiced by Defendant Leeks initial failure to provide him with a file marked copy of the April 10, 2009 Notice of Appeal. Accordingly, Defendant Leek is entitled to summary judgment on this claim.

**C.     Official Capacity Claims**

The parties agree that the claims mentioned in sections A and B of this Recommended Disposition were raised against Defendant Leek in his individual capacity. *See* docket entries #62, #66, #68, and #73. However, in his Complaint, Plaintiff also named Defendant Leek in is official capacity. *See* docket entry #2. It is unclear from the pleadings whether Plaintiff has abandoned his official capacity claim. *See* docket entries #68 and #73. Nevertheless, the Court will address it.

To prevail on a claim against a county official sued in his or her official capacity, a plaintiff must demonstrate that the constitutional violation was the result of an official policy, custom, or

---

[9] As previously mentioned, the Motion for Rule on the Clerk that Plaintiff tendered to the Arkansas Supreme Court, on or around July 14, 2009, was rejected because he did not include a file mark copy of the April 10, 2009 Notice of Appeal.

practice.  *See Grayson v. Ross*, 454 F.3d 802, 810-11 (8th Cir. 2006); *Springdale Educ. Assn. v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  Although Plaintiff has been given the opportunity to do so, he has failed to come forward with *any* evidence demonstrating that Defendant Leeks' failure to provide him with a certified copy of the record and/or a file marked copy of the April 10, 2009 Notice of Appeal was the result of an official county policy, custom, or practice.  To the contrary, the undisputed evidence is that it was the practice of the Desha County Clerk's Office to "automatically file mark" every valid pleading upon receipt of the document.  *See* docket entry #66, Ex. C.  Thus, Defendant Leek is also entitled to summary judgment on the claim Plaintiff has raised against him in his official capacity.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendant's Motion for Summary Judgment (docket entry #61) be GRANTED, and that this case be DISMISSED, WITH PREJUDICE.

2.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 28th  day of October, 2010.


_____
UNITED STATES MAGISTRATE JUDGE